FILED
1/20/26 2:39 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re:  Richard A. Foster. and                  :
        Leanne M. Foster,                       :   Bankruptcy No.  22-21999-JAD
                                                :
                                                :   Related Dkt. No.  172
            *Debtor(s)*                         :
                                                :

ORDER CONVERTING CASE UNDER CHAPTER 13
TO CASE UNDER CHAPTER 7, SETTING DEADLINES,
SCHEDULING STATUS CONFERENCE, AND
<u>TERMINATING WAGE ATTACHMENT</u>

At the hearing on Confirmation of Amended Chapter 13 Dated 7/25/2025, the case is Converted from a Chapter 13 Case to a Chapter 7 in accordance with *11 U.S.C. §1307(a)* converting this case to a case under chapter 7 of the Bankruptcy Code (title 11 of the United States Code).

It is **ORDERED, ADJUDGED,** and **DECREED** that:

(1)   Any party-in-interest that challenges the good faith of the conversion shall, on or before *February 17, 2026*, file a motion setting forth the basis of the challenge and specifically identifying the relief requested in the event conversion is found not to have been made in good faith.

(2)   The wage attachment(s) issued in this case are immediately **TERMINATED**.  The Debtors shall serve a copy of this order on the employer(s).

(3)   *No later than February 3, 2026*, the Debtors shall file a schedule of all unpaid debts incurred after the commencement of the chapter 13 case and before conversion. *Bankruptcy Rule 1019(5)(B)(i)*.

(4)   *No later than  February 3, 2026*, the Debtors shall file the statements and schedules required by *Bankruptcy Rules 1019(1)(A)* and *1007(b)*, if such documents have not already been filed.

(5)   *No later than February 19, 2026*, the Debtors shall file a statement of intention with respect to retention or surrender of estate property which secures a debt, as required by *11 U.S.C. §521(a)(2)*, *Bankruptcy Rule 1019(1)(B)*, and conforming to *Official Form 108*.

{00033897}

(6) The chapter 13 trustee forthwith shall turn over to the chapter 7 trustee all records and property of the estate remaining in the chapter 13 trustee's custody and control, as required by *Bankruptcy Rule 1019(4)*, except that any remaining funds that do not constitute property of the chapter 7 estate shall be returned to the Debtor.

(7) *Within 60 days* of the date of this Order, the chapter 13 trustee shall file an accounting of all receipts and distributions made. Jurisdiction over the chapter 13 trustee's certification of disbursements of funds and final report and account remains assigned to the Honorable Jeffery A. Deller Bankruptcy Judge.

(8) *No later than February 19, 2026,* the Debtors shall, if the case is converted after the confirmation of a plan, file:

  (a) a schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(i)*;

  (b) a schedule of unpaid debts not listed in the chapter 13 trustee's final report and account, *Bankruptcy Rule 1019(5)(C)(ii)*; and,

  (c) a schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(iii)*.

The schedule of claimants under (b) of this paragraph shall be filed by entering additional claimants into the CM/ECF system via "Creditor Maintenance." A list of said claimants shall be attached to the Bankruptcy Rule 1019 Report.

It is **FURTHER ORDERED** that if the Debtors fail to file the documents required by this Order and Bankruptcy Rule 1019 by the aforesaid dates, a status conference shall be held on **March 3, 2026, at 10:00 AM** via ZOOM – Judge Deller to determine whether additional relief is necessary to compel compliance with the terms of this Order. Parties must register for Zoom no later than 4 p.m. on the business day prior to the hearing.

It is **FURTHER ORDERED** that the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*. If the reports and schedules per Paragraphs 3, 8(b) and 8(c) of this Order are filed in time for the Clerk to include post-petition creditors in the §341 notice mailing, the Clerk shall so include the post-petition creditors in that mailing. If said report and schedules are not filed in time for inclusion of the post-petition creditors in the §341 notice mailing, *within ten (10) days of the filing of said report and schedules*, the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*.

{00033897}

It is **FURTHER ORDERED** that *within forty-five (45) days* of this Order, all chapter 13 fee petitions by any professional shall be self-scheduled and filed with the Clerk of the Bankruptcy Court.  The fee petition shall be captioned "Chapter 13 Fee Petition in Converted Case" and the hearing shall be self-scheduled on Judge Deller's chapter 13 motions calendar.

It is **FURTHER ORDERED** that *within five (5) days* hereof Counsel for Debtors shall *IMMEDIATELY SERVE* a copy of this Order on all creditors in the above case and shall *file a Certificate of Service* with the Clerk of the Bankruptcy Court.

It is **FURTHER ORDERED** that the Court retains jurisdiction over the Chapter 13 Trustee's Report of Receipts and Disbursements and Final Report and Account.  Upon submission of the UST Form 13-FR-S: Chapter 13 Trustee's Final Report and Account, the Chapter 13 Trustee is discharged from her duties in this case.

Dated:  January 20, 2026

                                            Jeffery A. Deller      jsf
                                            United States Bankruptcy Judge

Case Administrator to serve:
       Ronda J. Winnecour, Esq.
       3250 U.S. Steel Tower
       Pittsburgh, PA 15219

       Debtors
       Counsel for Debtors
       Office of the U.S. Trustee

{00033897}

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-21999-JAD |
| Richard A. Foster | Chapter 7 |
| Leanne M. Foster | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Jan 20, 2026 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 22, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | + Richard A. Foster, Leanne M. Foster, 315 E. Hazelcroft Avenue, New Castle, PA 16105-2177 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| | + Email/Text: bnc@chapter13trusteewdpa.com | Jan 21 2026 04:14:00 | Ronda J. Winnecour, Esq., Suite 3250, USX Tower, 600 Grant Street, Pittsburgh, PA 15219-2702 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 22, 2026          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 20, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew L. Spivack | on behalf of Creditor Lakeview Loan Servicing  LLC andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| Brenda Sue Bishop | on behalf of Creditor Commonwealth of Pennsylvania Department of Revenue Bureau of Compliance bbishop@attorneygeneral.gov |
| Brian C. Thompson | |

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 2 of 2 |
| Date Rcvd: Jan 20, 2026 | Form ID: pdf900 | Total Noticed: 2 |

Brian C. Thompson
    on behalf of Debtor Richard A. Foster bthompson@ThompsonAttorney.com
    bthompson@ecf.courtdrive.com;mgillespie@thompsonattorney.com;kfinke@thompsonattorney.com;skennedy@thompsonattorney.com;thompson.brianr111424@notify.bestcase.com

Brian C. Thompson
    on behalf of Joint Debtor Leanne M. Foster bthompson@ThompsonAttorney.com
    bthompson@ecf.courtdrive.com;mgillespie@thompsonattorney.com;kfinke@thompsonattorney.com;skennedy@thompsonattorney.com;thompson.brianr111424@notify.bestcase.com

Charles O. Zebley, Jr.
    COZ@Zeblaw.com PA67@ecfcbis.com;Lyndie@Zeblaw.com

Denise Carlon
    on behalf of Creditor Lakeview Loan Servicing  LLC dcarlon@kmllawgroup.com

Lauren Moyer
    on behalf of Creditor U.S. Bank Trust National Association  as Trustee for Pad Series IV Trust bkecf@friedmanvartolo.com, bankruptcy@friedmanvartolo.com

Lauren Moyer
    on behalf of Creditor SN Servicing Corporation as servicer for U.S. Bank Trust National Association  as Trustee of Dwelling Series IV Trust bkecf@friedmanvartolo.com, bankruptcy@friedmanvartolo.com

Mario J. Hanyon
    on behalf of Creditor Lakeview Loan Servicing  LLC wbecf@brockandscott.com, mario.hanyon@brockandscott.com

Mario J. Hanyon
    on behalf of Creditor Lakeview Loan Servicing  LLC enote vesting-- Nationstar Mortgage LLC wbecf@brockandscott.com, mario.hanyon@brockandscott.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

TOTAL: 12